UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT MAYO, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:25-CV-01014-JSD |
| GRANT S. DINO, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Robert Mayo's ("Plaintiff") Motion for Jurisdictional Discovery (ECF No. 12). This matter is fully briefed and ready for disposition.[1] For the reasons stated herein, the Court denies Plaintiff's Motion for Jurisdictional Discovery.

**A. Background**

Plaintiff originally filed this lawsuit in St. Louis County Circuit Court claiming that he sustained injuries arising from a December 23, 2022 motor collision caused by Defendant Grant Dino's ("Defendant") negligence. (ECF No. 9). Defendant removed the case to the United States District Court for the Eastern District of Missouri, asserting diversity of citizenship under 28 U.S.C. § 1332. (ECF No. 1). In support of removal, Defendant submitted his affidavit stating that he had been domiciled in Florida since 2015, holds a Florida driver's license, and is registered to vote in Florida. (ECF No. 1-4). On August 4, 2025, Plaintiff filed a Motion for Jurisdictional Discovery, asserting that he has reason to believe Defendant is a resident of Missouri and that diversity jurisdiction is not proper (ECF No. 12). On August 13, 2025, Defendant filed a response

---

[1] Plaintiff has not filed a reply but the time for filing a reply has expired. *See* E.D.Mo. L.R. 4.01.

1

and an affidavit in support, clarifying that while he may have physical presence in Missouri, he remains domiciled in Florida for diversity purposes. (ECF No. 15-1).

### B. Standard of Review

Diversity jurisdiction requires "complete diversity," wherein the action is between "citizens of different states." 28 U.S.C. §1332(a)(1).[2] In other words, to obtain diversity jurisdiction, no defendant can share the same state citizenship with any plaintiff. The Eighth Circuit has held that "domicile" and "citizenship" are synonymous for purposes of diversity jurisdiction. *Wagstaf & Cartmell, LLP v. Lewis*, 40 F.4th 830, 839 (8th Cir. 2022). Importantly, "citizenship" is not the same as "residence." *See Hargett v. RevClaims, LLC*, 854 F.3d 962, 965 (8th Cir. 2017) (finding "[c]itizenship requires permanence[,]" while "[r]esidency is a more fluid concept" that "does not require an intent to make a place home.") (quoting *Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 777 (8th Cir. 2014)).

Whether to permit jurisdictional discovery lies within the Court's discretion. *Lakin v. Prudential Sec., Inc.*, 348 F.3d 704, 713 (8th Cir. 2003). Jurisdictional discovery may be appropriate when "facts necessary to resolving the jurisdictional inquiry are unknown or genuinely disputed." *Viasytems, Inc. v. EBM-Papst St. Georgen GmBH & Co., KG*, 646 F.3d 589, 598 (8th Cir. 2011). However, courts may deny jurisdictional discovery when the request is based on mere speculation. *See id.* (affirming denial of jurisdictional discovery where plaintiff's assertion that jurisdictional discovery "would likely" reveal contacts was "entirely speculative"). When

---

[2] Obviously, the amount in controversy must also exceed $75,000. 28 U.S.C. § 1332(b). The amount in controversy, however, is not in dispute.

jurisdiction is challenged, courts may consider affidavits submitted by parties in the removal context. *Pudlowski v. The St. Louis Rams, LLC*, 829 F.3d 963, 965 (8th Cir. 2016).

### C. Discussion

Plaintiff seeks jurisdictional discovery to challenge Defendant's stated Florida domicile, arguing that Plaintiff has a "reasonable basis" to believe Defendant is a citizen of Missouri and, therefore, removal was improper. (ECF No. 12, ¶3). Plaintiff states that Defendant has a house in Missouri and his family, including his wife and children, permanently reside in Missouri. (ECF No. 13 at 2).

In support of his argument for jurisdictional discovery, Plaintiff relies primarily on *Curators of Univ. of Missouri* and *Pudlowski*. *See Curators of Univ. of Missouri v. Corizon Health, Inc.*, 627 F. Supp. 3d 1030, 1040 (W.D. Mo. 2022); *Pudlowski*, 829 F.3d at 964. However, neither case supports Plaintiff's premise. In *Curators of Univ. of Missouri*, the court denied jurisdictional discovery, finding the plaintiff's allegations speculative and the existing record sufficient to decide the jurisdictional issue. *Curators of Univ. of Missouri*, 627 F. Supp. 3d at 1040. In *Pudlowski*, the Eighth Circuit vacated the district court's order remanding the case to the Missouri state court in light of the district court's refusal to consider post-removal affidavits. As such, the Eighth Circuit remanded the case to the district court to consider the post-removal evidence. *Pudlowski*, 829 F.3d at 965. In this context, the Eighth Circuit held that when a party's jurisdictional assertion is challenged, affidavits supporting jurisdiction must be considered. *Id.* To be sure, contrary to Plaintiff's interpretation, *Pudlowski* does not mandate jurisdictional discovery, but merely allows the opportunity for courts to consider post-removal evidence, including affidavits, to determine jurisdiction. *Id.*

3

Under Eighth Circuit precedent, the Court considers factors relevant to determining domicile, including but not limited to voter registration, driver's license, tax payments, and declarations of intent. *Eckerberg v. Inter-State Studio & Publ'g Co.*, 860 F.3d 1079, 1085 (8th Cir. 2017). While Defendant admits he spends time in Missouri, the factors support finding that his domicile is Florida. (ECF No. 1-4). Defendant attests that he has lived in Florida since 2015, maintains a Florida driver's license, and is registered to vote in Florida. (ECF No. 1-4). These objective indicators of domicile indicate both physical presence and the intent to remain indefinitely. Thus, these factors weigh in favor of finding that Defendant is a citizen of Florida.

Further, Plaintiff has not presented any evidence contradicting that Defendant is a citizen of Florida. Nor has Plaintiff identified what specific, factual discovery he would request that would undermine or contradict Defendant's attested indications of domicile. *See* ECF No. 12-13. Instead, Plaintiff speculates that Defendant may live in Missouri based on a LinkedIn account, the suspected location of Defendant's home, and the belief that Defendant's children attend school in Missouri. (ECF No. 13 at 2). However, courts routinely reject jurisdictional discovery requests founded solely on speculation. *Viasystems*, 646 F.3d at 598. For example, in *Sheehan*, the Eighth Circuit held that, despite the defendant's occasional presence and business ties in Minnesota, he remained a citizen of Nevada because he held a Nevada driver's license, was registered to vote in Nevada, and maintained a permanent address in Nevada. *Sheehan v. Gustafson*, 967 F.2d 1214, 1216 (8th Cir. 1992). Similarly, Defendant holds a Florida driver's license, is registered to vote in Florida, and has been domiciled in Florida since 2015. While Defendant may spend time in Missouri and conduct some business there, he remains a citizen of Florida. *See Eckerberg*, 860 F.3d at 1084 (a person may "reside in one place but be domiciled in another").

The Court finds that Defendant has provided sufficient evidence showing that he is domiciled in Florida. In turn, Plaintiff has not demonstrated that discovery is necessary to determine Defendant's citizenship or that there are any relevant facts in dispute. Rather, Plaintiff's assertions are speculative and unsupported by the record. Consequently, based upon the facts presented, the Court finds Defendant is a citizen of Florida and denies Plaintiff's Motion for Jurisdictional Discovery.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs Motion for Jurisdictional Discovery (ECF No. 12) is **DENIED**.

JOSEPH S. DUEKER
UNITED STATES MAGISTRATE JUDGE

Dated this 18th day of September, 2025.